**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2012
Decided July 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3166

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-186 |
| DEANDRE JEROME BEASON, *Defendant-Appellant*. | Charles N. Clevert, Jr., *Chief Judge*. |

**O R D E R**

Deandre Beason is one of nearly thirty defendants indicted together after authorities investigated a drug ring that had operated in Milwaukee, Wisconsin, for almost a decade. But Beason, a felon, was charged only with possessing a handgun that was found in his bed during execution of a search warrant, 18 U.S.C. § 922(g)(1), and he pleaded guilty to that crime. The district court determined that Beason is an Armed Career Criminal and sentenced him to the 15-year statutory minimum. *See id.* § 924(e). Beason filed a notice of appeal, but his appointed lawyer cannot identify a nonfrivolous issue to pursue and has moved to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Beason has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Apparently Beason wants his guilty plea set aside, and thus counsel first evaluates whether Beason could challenge the voluntariness of his plea or the adequacy of the plea colloquy. *Cf. United States v. Konczak*, No. 11-2969, 2012 WL 1435013, at *1 (7th Cir. Apr. 26, 2012); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). Beason did not move in the district court to withdraw this guilty plea, so our review would be limited to a search for plain error. *See United States v. Vonn*, 535 U.S. 55, 58–59 (2002); *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2007). During the plea colloquy the district court failed to apprise Beason that his answers given under oath could be used later in a prosecution for perjury; the court also neglected to admonish Beason that he could not be compelled to incriminate himself but could plead not guilty, confront the prosecution's witnesses, compel the attendance of witnesses, present evidence, and testify. *See* FED. R. CRIM. P. 11(b)(1)(A), (B), (E). We agree with counsel, however, that the omissions were harmless because Beason executed a written plea agreement acknowledging these rights and the other trial rights he waived by pleading guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 85 (2004); *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001).

Counsel next considers whether Beason could challenge the use of his two Wisconsin convictions for possessing cocaine with intent to distribute and a juvenile adjudication for armed robbery as predicates for sentencing as an armed career criminal. At sentencing Beason argued that one of the drug crimes (involving less than a gram of crack cocaine) did not qualify as a "serious drug offense" under the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(2)(A)(i), because the maximum penalty he faced was ten years in prison, not more, *see* WIS. STAT. §§ 961.41(1)(cm)(1g), 939.50(3)(g). The district court rejected this argument because a "serious drug offense" is one punishable by "ten years *or* more," 18 U.S.C. § 924(e)(2)(A)(i), and we agree with counsel that it would be frivolous to raise that argument again on appeal, *see United States v. Rodriquez*, 553 U.S. 377, 380–81, 393 (2008) (affirming application of ACCA to defendant with predicate drug convictions with ten-year maximum terms of imprisonment).

Beason also objected that this same drug conviction should not count as an ACCA predicate because, in his view, the drug possession was "relevant conduct" to his § 922(g)(1) offense. Beason explained that the crack he was convicted of possessing had been sold to him by Regale Morton, one of his codefendants in this prosecution. Yet Beason also conceded that he had possessed the gun for protection after a gambling dispute, and not because of events relating to the drug conspiracy charged in the indictment. On that basis the district court concluded that Beason's drug conviction was not relevant conduct, and counsel surmises that challenging the court's determination would be frivolous. We agree with counsel's conclusion, but not with his assumption that a factual connection between the drug crime and his gun violation would matter. The ACCA requires that predicate offenses be "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), *United States v. Sims*, No. 11-3550, 2012 WL 2370107, at *1 (7th Cir. June 25, 2012), but the

statute does not mandate that predicates be factually unrelated to the offense of conviction. A prior crime that is "relevant conduct" to the offense of conviction cannot be counted in applying the career offender *guideline, see* U.S.S.G. §§ 4B1.2(c)(2), 4A1.2 cmt. n.1; *United States v. Liddell*, 492 F.3d 920, 922 (7th Cir. 2007); *United States v. Garecht*, 183 F.3d 671, 673–74 (7th Cir. 1999), but the ACCA has no similar restriction.

Counsel last questions whether Beason could challenge his sentencing as an armed career criminal by arguing that his juvenile adjudication for armed robbery is not a conviction for a "violent felony." The probation officer reported that Beason had committed this act of deliquency with two accomplices, and that one of the other juveniles brandished a gun during the crime. Beason did not object at sentencing to the use of this juvenile offense, and counsel reasons that a Wisconsin juvenile adjudication for "armed" robbery is categorically a violent felony and thus any appellate claim would be frivolous.

We would agree with counsel if Beason had been convicted as an adult, since robbery as defined in Wisconsin—armed or not—has as an element the use or threatened use of physical force against another. *See* WIS. STAT. § 943.32(1); *United States v. Otero*, 495 F.3d 393, 401 & n.3 (7th Cir. 2007). That requirement makes the offense a "violent felony" when committed by an adult. *See* 18 U.S.C. § 924(e)(2)(B)(i). But the ACCA counts only those acts of juvenile delinquency "involving the use or carrying of a firearm, knife, or destructive device." *Id.* § 924(e)(2)(B). We have not yet considered how sentencing courts should analyze whether juvenile crimes "involved" these weapons, but five other circuits have said that judges should use the same categorical approach applicable to adult convictions. *See United States v. Nevels*, 490 F.3d 800, 806–09 (10th Cir. 2007); *United States v. Wells*, 473 F.3d 640, 646–50 (6th Cir. 2007); *United States v. Kirkland*, 450 F.3d 804, 806–08 (8th Cir. 2006); *United States v. Burge*, 407 F.3d 1183, 1187 (11th Cir. 2005); *United States v. Richardson*, 313 F.3d 121, 123–28 (2d Cir. 2003).

In fact, however, these circuits have not limited juvenile offenses to those where the crime, if committed by an adult, would have as a statutory element the use of a gun, knife, or explosive. Instead, these circuits understand the "categorical approach" (or "modified categorical approach") to mean in this context that sentencing courts should look only to certain judicial records, *see Shepard v. United States*, 544 U.S. 13, 26 (2005), in deciding if the juvenile offense was committed in a manner involving the use or carrying of a firearm, knife, or destructive device. *See, e.g., Burge*, 407 F.3d at 1187 (permitting district court to review charging document, terms of plea agreement, transcript of colloquy in which defendant confirmed factual basis for plea, or other comparable judicial record). If we followed that approach here, then the district court arguably committed error, since "armed" robbery can be committed under the Wisconsin statute without a gun, knife, or explosive, *see* WIS. STAT. § 943.32(2), and apparently the government offered none of the sources the court could use, consistently with *Shepard*, to decide if Beason's accomplice did

in fact wield a firearm. (It does not matter that an accomplice rather than Beason was holding the gun. *See Nevels*, 490 F.3d at 808.) But error or not, an appellate claim would be frivolous because Beason did not object to the court's use of his juvenile adjudication, and a district court does not plainly err when it relies on unchallenged portions of a presentence report in determining whether the defendant's prior convictions trigger the ACCA's increased penalties. *See United States v. Thornton*, 463 F.3d 693, 700–01 (7th Cir. 2006); *United States v. Skidmore*, 254 F.3d 635, 641 n.4 (7th Cir. 2001); *United States v. Davenport*, 986 F.2d 1047, 1048 (7th Cir. 1993).

Finally, appellate counsel explains that Beason wants to claim that his trial lawyer was constitutionally ineffective, presumably on the basis of allegations made in pro se letters written to the district judge at several points during the proceedings. But we agree with counsel that the present record does not provide the factual development that would be necessary to prove a claim of ineffective assistance. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011). If Beason has an arguable ground to question the performance of his former lawyer, the appropriate forum for that claim is a collateral proceeding under 28 U.S.C. § 2255. *See Massaro*, 538 U.S. at 504–05; *United States v. Persfull*, 660 F.3d 286, 299 (7th Cir. 2011); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.