In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 18-3575

DEANDRE J. BEASON,

*Petitioner-Appellant,*

*v.*

MATTHEW MARSKE,

*Respondent-Appellee.*

_____

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:17-cv-406 — **William M. Conley**, *Judge.*

_____

ARGUED MAY 14, 2019 — DECIDED JUNE 24, 2019

_____

Before FLAUM, KANNE, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* The Armed Career Criminal Act, housed in § 924(e) of the Federal Criminal Code, mandates a minimum 15-year sentence for a felon who unlawfully possesses a firearm and has three prior convictions for a "serious drug offense" or "violent felony." In 2009, Deandre Beason pleaded guilty to being a felon in possession of a firearm and was sentenced under the Act. Now, roughly a decade later, the parties agree that under current law none of Beason's

three prior convictions count as either violent felonies or seri-
ous drug offenses—meaning Beason no longer qualifies as an
armed career criminal.

But this observation only gets us so far, as this case turns
instead on whether Beason has available a procedural means
to secure resentencing. He did not prevail on challenging his
conviction and sentence on direct appeal. Nor did he succeed
in his pursuit of post-conviction relief under 28 U.S.C. § 2255.
So he now turns to 28 U.S.C. § 2241. Whether he can use § 2241
to pursue what is often called traditional habeas relief turns
under our caselaw on whether the claims he now raises in his
current petition were foreclosed to him at the time of his ini-
tial § 2255 motion. If so, the law would deem Beason's prior
§ 2255 proceeding inadequate and thereby allow him to seek
resentencing through and pursuant to § 2241.

We conclude that at least one of Beason's grounds for re-
lief—pertaining to two of his three prior convictions—was
foreclosed to him at the time of his § 2255 motion. And, be-
cause Beason is correct that those two offenses cannot serve
as qualifying offenses, he no longer has the three offenses
qualifying him as an armed career criminal. While the remain-
der of the opinion travels the procedural and legal maze to
this conclusion, the upshot is that we reverse and remand for
the petition to be granted and Beason to be resentenced.

## I

Following his 2009 guilty plea to being a felon in posses-
sion of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and
924(a)(2), Beason proceeded to sentencing. He received the 15-
year mandatory minimum required by Congress in the
Armed Career Criminal Act. In imposing this sentence, the

district court determined that Beason's juvenile adjudication for armed robbery under Wisconsin law and his two Wisconsin drug offenses meant that he had the necessary three prior convictions for either a "serious drug offense" or a "violent felony" to qualify as an armed career criminal.

The sentencing court determined that Beason's juvenile conviction for armed robbery was a qualifying violent felony. Under the Armed Career Criminal Act, a juvenile adjudication counts as a "violent felony" if the same offense would be a violent felony if committed by an adult *and* the offense involves "the use or carrying of a firearm, knife, or destructive device." 18 U.S.C. § 924(e)(2)(B). The sentencing court also found that Beason's two Wisconsin drug offenses, which carried maximum sentences of 12.5 and ten years, qualified as "serious drug offenses[s]." Under the Act, a "serious drug offense" includes state drug offenses "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). At sentencing, Beason objected to the use of his drug offenses as qualifying offenses but made no similar argument as to the use of his juvenile armed robbery offense.

On direct appeal in this court, Beason's counsel submitted an *Anders* brief, explaining that he could not identify any non-frivolous issues to pursue on appeal. His counsel considered—but rejected—any possible attack on the sentencing court's conclusion that Beason's three prior convictions qualified him as an armed career criminal.

We agreed and dismissed Beason's appeal. See *United States v. Beason*, 493 F. App'x 747, 750 (7th Cir. 2012). First, as to Beason's drug offenses, we rejected the line of argument that Beason had advanced at sentencing that one of his drug

convictions—the less serious of the two—did not qualify as a "serious drug offense" because it carried a maximum penalty of ten years as opposed to the "ten years *or* more" required by the Armed Career Criminal Act. *Id.* at 748 (quoting 18 U.S.C. § 924(e)(2)(A)). It was enough, we concluded, that the offense carried a maximum penalty of at least ten years. See *id.* We therefore agreed with Beason's counsel that it would be "frivolous" to contend on appeal that his prior drug offenses carried sentences too short to qualify as serious drug offenses. *Id.*

We then considered whether Beason's juvenile adjudication for armed robbery qualified as a "violent felony" within the meaning of § 924(e). See *id.* at 749. We saw this as a closer call because armed robbery in Wisconsin could be committed without a gun, knife, or explosive, as required to render a juvenile offense a violent felony under the Act. See *id.* at 750. But because Beason had not objected at sentencing to the use of his juvenile adjudication as a qualifying offense for armed career criminal purposes, we applied plain error review and declined to vacate the 15-year mandatory minimum sentence. See *id.*

Having no success on direct appeal, Beason then pursued post-conviction relief. In 2013 he invoked 28 U.S.C. § 2255 and challenged his juvenile adjudication for armed robbery as a qualifying violent felony. In his § 2255 motion, however, Beason made no arguments about the characterization of his prior drug offenses as serious drug offenses. The district court denied relief. Rather than confine itself to the Wisconsin armed robbery statute, the court reviewed the juvenile petition from Beason's juvenile adjudication and determined the offense conduct entailed Beason participating in a robbery

involving a gun and thereby committing a "violent felony" within the meaning of the Armed Career Criminal Act.

Four years later, and having witnessed certain intervening changes in the law, Beason again pursued post-conviction relief, this time by filing a petition under 28 U.S.C. § 2241. He contended that recent changes in law interpreting the Armed Career Criminal Act demonstrated that none of his three prior crimes counted as qualifying offenses. First, relying on our opinion in *United States v. Spencer*, 739 F.3d 1027 (7th Cir. 2014), Beason argued that neither of his two Wisconsin drug offenses carried a sentence long enough to qualify as a "serious drug offense" under the Act. Next, relying on the Supreme Court's 2016 decision in *Mathis v. United States*, 136 S. Ct. 2243, he argued that his prior juvenile adjudication for armed robbery could not count as a "violent felony" under the Act.

In the district court and now on appeal, everyone agrees that Beason is right on the merits. Current caselaw makes clear that neither Beason's drug offenses nor his juvenile adjudication for armed robbery can be used to classify him as an armed career criminal.

But that is not the end of the matter. The question is whether Beason, having already availed himself of a collateral attack under § 2255, can now seek relief under § 2241, the traditional habeas remedy. Section 2255 contains what the law refers to as a "savings clause"—a provision that, as its name implies, preserves and allows the pursuit of habeas corpus relief if the petitioner satisfies particular conditions. The district court denied relief, concluding that the savings clause was not available to Beason because he could have raised the exact

two arguments he now pursues under § 2241 in his first collateral attack under § 2255.

## II

As a general matter, § 2255 provides the exclusive means for a federal prisoner to collaterally attack his conviction or sentence. But the savings clause in § 2255(e) preserves and authorizes access to traditional habeas corpus relief under 28 U.S.C. § 2241 if the remedy available under § 2255 was "inadequate or ineffective to test the legality of his detention." Our decision in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998) examined the scope of this provision. There we determined that whether § 2255 was inadequate or ineffective depends on whether a proceeding under that section afforded the petitioner "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Id.* at 609; see also *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (*en banc*) (reinforcing *Davenport* as the law of the circuit and articulating the same point). In considering Beason's appeal, we accept *Davenport* as the law of this circuit, as we must.

In *Davenport*'s wake, we have developed a three-part test implementing *Davenport*'s holding. See *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). A petitioner who seeks to satisfy § 2255(e)'s savings clause and thereby pursue relief under § 2241 must establish that (1) the claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice. See *id.*

The government agrees with Beason that he meets the first and third requirements. Notably, the government conceded below—and does not argue to the contrary on appeal—that a circuit court statutory interpretation case like *Spencer* could satisfy the first prong of the savings clause test. This position finds some support in our caselaw. See *Webster*, 784 F.3d at 1136 (noting the differing emphases in our caselaw interpreting *Davenport* and concluding that "[a]ll of these decisions hold, nevertheless, that there must be some kind of structural problem with section 2255 before section 2241 becomes available"); *Morales v. Bezy*, 499 F.3d 668, 672–73 (7th Cir. 2007) (indicating that circuit precedent could provide a basis for relief under § 2241). Moreover, we can, and do, accept the government's concession on this point. See *e.g.*, *Prevatte v. Merlak*, 865 F.3d 894, 898, 901 (7th Cir. 2017) (accepting the government's concession on an element of the savings clause test and explaining that §§ 2241 and 2255 address remedies, not jurisdiction).

We therefore proceed to the only requirement of the savings clause test that is disputed on appeal—whether Beason was foreclosed in his prior § 2255 proceeding from invoking the arguments he now raises to challenge his sentence as an armed career criminal. If the arguments he presents now were available to him at the time of his § 2255 proceeding, then the § 2255 proceeding was adequate and he cannot proceed any further. But if it "would have been futile" for Beason to raise these arguments in his § 2255 motion because the "law was squarely against him," then the savings clause applies and Beason may proceed and pursue resentencing under § 2241. *Webster*, 784 F.3d at 1136.

A

Beason first argues that neither of his two prior drug convictions qualify as a "serious drug offense" in light of our decision in *Spencer*. Those convictions were Class F and G felonies under Wisconsin law and carried maximum sentences of 12.5 years (Class F) and ten years (Class G). See Wis. Stat. §§ 939.50(3)(f); 939.50(3)(g). But Wisconsin law also makes plain that sentences for felonies committed after the year 2000 (as Beason's were) must be bifurcated: they must be broken down into a term of confinement followed by a term of extended supervision. Wis. Stat. §§ 973.01(1)–(2). And the term of confinement allowed for Class F and G felonies is lower than the total maximum sentence—seven years and six months for a Class F felony and five years for a Class G felony. See Wis. Stat. §§ 973.01(2)(b)(6m); 973.01(2)(b)(7).

We addressed this precise question in *Spencer*, another Armed Career Criminal Act case. See 739 F.3d at 1028. There we analyzed the bifurcated nature of felony sentences under Wisconsin law and held that only the term of initial confinement—and not the term of extended supervision—counted towards the statute's threshold of ten-years' imprisonment for an offense to qualify as a "serious drug offense." See *id.* at 1032. A Class F felony committed in Wisconsin in 2000 or later, which carries a maximum term of initial confinement of seven years and six months, therefore did not qualify as a "serious drug offense." See *id.*

Beason's § 2241 petition relied on *Spencer* to argue he was entitled to resentencing. Beason argued that neither of his two Wisconsin drug convictions qualified as serious drug offenses under the Armed Career Criminal Act and that this position had been foreclosed to him at the time of his § 2255 motion.

The parties agree on the first point: applying *Spencer*, Beason's prior drug convictions under Wisconsin law do not meet the Armed Career Criminal Act's express ten-year threshold required for "serious drug offenses." We, too, agree, as even Beason's more-serious drug conviction (the Class F felony) carries a maximum term of initial confinement of seven years and six months, well below the ten-year threshold.

The harder question, though, is whether it "would have been futile" for Beason to raise this claim in his original § 2255 motion because "the law was squarely against him." *Montana*, 829 F.3d at 784 (quoting *Webster*, 784 F.3d at 1136). We need to ask and resolve that question because doing so tells us whether Beason satisfies the requirements of the savings clause and thereby can proceed forward under § 2241.

In confronting the same question, the district court concluded that the law was not squarely against Beason on this point at the time of his § 2255 proceeding, making the savings clause and relief under § 2241 unavailable to him. Beason did not need *Spencer*, the district court reasoned, to argue that his prior Wisconsin drug convictions carried sentences too short to qualify as serious drug offenses under the Armed Career Criminal Act. At an even more detailed level, the district court concluded that Beason had failed either to "explain[] why a *Spencer*-type challenge to the inclusion of his drug offense would have failed in 2013 even at the time he filed his first petition" or to "cite any authority suggesting that he was 'actually foreclosed'" from making the argument.

We see the law the other way, in no small part because of our rejection of the argument in Beason's own case. That rejection came in Beason's 2012 direct appeal. There we

considered whether Beason could challenge the use of his two
Wisconsin drug convictions as qualifying offenses under the
Armed Career Criminal Act on the basis that the term of im-
prisonment under Wisconsin law was not long enough. Be-
cause the maximum penalty faced by Beason for even the less-
serious felony was ten years, we rejected the argument and
indeed deemed it "frivolous." To be sure, the argument we
considered on direct appeal was a bit different than the one
Beason raises here: we concentrated on the total maximum
penalty Beason faced and did not address the bifurcated na-
ture of a sentence imposed for a Wisconsin felony. But we
nonetheless saw no merit in a contention that Beason's drug
convictions failed to carry long enough maximum sentences
to qualify as serious drug offenses under the Armed Career
Criminal Act.

In these circumstances, our conclusion—relating directly
as it did to the length of the sentence for a Wisconsin felony—
had a clear consequence. Under the law of the case doctrine,
Beason was prohibited from "relitigat[ing] in a collateral pro-
ceeding an issue that was decided on his direct appeal." *White
v. United States*, 371 F.3d 900, 902 (7th Cir. 2004). As a practical
and legal matter, then, Beason needed a superseding develop-
ment—like *Spencer*—to be able to advance his argument that
his two drug convictions carried insufficiently long sentences
to count as qualifying offenses under the Armed Career Crim-
inal Act.

B

The government appears to recognize that the argument
was foreclosed to Beason at the time he filed his § 2255 motion
in 2013. But that acknowledgment does not lead the govern-
ment to concede that Beason is entitled to be resentenced. It

argues instead that he could have challenged the use of his drug convictions as qualifying offenses as soon as we decided *Spencer*—when Beason's § 2255 motion was still pending. The way for Beason to have done so, the government urges, was by amending his § 2255 motion and seeking relief on the basis of *Spencer*, not by waiting three years and seeking relief under § 2241.

Answering the government's objection requires remembering how we got here. Recall that we decided *Spencer* in 2014 after Beason's § 2255 proceedings were already underway. Even more specifically, when we issued our opinion in *Spencer*, Beason had filed his § 2255 motion and was awaiting a decision by the district court. Beason, however, did not attempt to inject into his § 2255 proceeding any argument about the length of his drug offenses based on *Spencer*. It was only after the district court denied his § 2255 motion that Beason, as part of his renewed effort to challenge being sentenced as an armed career criminal, invoked § 2241 and relied expressly on *Spencer* as his basis for relief.

This timeline leads the government to argue that Beason should have reacted to our deciding *Spencer* when we did by seeking to amend his then-pending § 2255 motion. In the government's view, given this ability to amend under the liberal standard of Federal Rule of Civil Procedure 15, Beason's *Spencer*-based argument was indeed available to him during his § 2255 proceeding.

We cannot agree. We decided *Spencer* at a time § 2255(f)'s one-year limitations period had already expired for Beason. Amending his § 2255 motion, therefore, would have been available to Beason only if his *Spencer*-based claim related back to the claim for relief asserted in his § 2255 motion—that

his juvenile adjudication for armed robbery did not count as a violent felony under the Armed Career Criminal Act. On this point, however, the Supreme Court has explained that an amended petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

In *Felix*, the Supreme Court emphasized that an amendment does not relate back merely because it "relate[s] to the same trial, conviction, or sentence as a timely filed claim." *Id.* at 662. There the state habeas petitioner's original petition asserted a Sixth Amendment claim based on the admission of videotaped testimony at his trial, while his amended petition—filed after the one-year limitations period had expired—asserted a Fifth Amendment claim based on the admission of his pretrial statements to the police. *Id.* at 650–52. The Court recognized that both claims related to errors at the petitioner's trial, and more specifically involved "the admission of out-of-court statements during the prosecutor's case in chief," but nevertheless concluded that the later-asserted claim did not relate back to the first claim. *Id.* at 650. Because the events underlying the later-added claim were separate in both "time and type" from the originally raised events, the original and newly asserted claims lacked a "common core of operative facts." *Id.* at 657, 664.

The Supreme Court's teachings in *Felix* guide our assessment of Beason's claims here. What Beason's two claims have in common is that they both assert that the sentencing court committed legal error in sentencing him to a mandatory 15-year term of imprisonment as an armed career criminal. But

the similarities end there. The claim Beason presented in his § 2255 motion turned on whether his juvenile adjudication for armed robbery should have been considered a "violent felony" within the meaning of § 924(e) given that the Wisconsin armed robbery statute does not categorically involve a gun, knife, or destructive device. But the *Spencer*-based claim Beason seeks to pursue under § 2241 is different: the claim Beason now advances hinges on the bifurcated penalty structure imposed for Wisconsin felonies and whether, in light of that structure, his prior drug convictions were for offenses that carried sufficiently long sentences to be considered serious drug offenses under the Armed Career Criminal Act.

All of this leads us to agree with Beason that the claim he asserts now regarding his prior drug offenses and the claim asserted in his § 2255 motion regarding an altogether different qualifying offense lack a unifying "core of operative facts." *Felix*, 545 U.S. at 664. Put differently, Rule 15's relation-back provision did not provide Beason an avenue to press a *Spencer* claim in his § 2255 proceeding.

C

In these circumstances, then, we conclude that Beason was foreclosed from arguing that his two Wisconsin drug convictions did not count as qualifying offenses at the time of his § 2255 proceeding. The savings clause in § 2255(e) is thus available to Beason, allowing him to seek relief under § 2241. And in light of *Spencer*, Beason's two Wisconsin drug convictions are not qualifying offenses under § 924(e).

We can stop there, as this conclusion alone entitles Beason to resentencing. Section 2241 authorizes relief from "fundamental sentencing defect[s]," like erroneously sentencing a

defendant as an armed career criminal. See *Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014) (quoting *Brown v. Caraway*, 719 F.3d 583, 587 (7th Cir. 2013)). Without the two Wisconsin drug convictions, Beason no longer has the three qualifying offenses necessary to be considered an armed career criminal under the Act. We need not go further and decide whether § 2241 is available for Beason to challenge the use of his juvenile adjudication for armed robbery as a qualifying offense. No matter how we answered that question, Beason would be entitled to resentencing.

Accordingly, we REVERSE the district court's judgment and REMAND with instructions to grant the petition to authorize resentencing.