NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2020[*]
Decided September 18, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

Nos. 20-1421 & 20-1765

| | |
|---|---|
| DAVID RONALD CAIN, JR., <br> *Petitioner-Appellant*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 3748 |
| CHRIS RIVERS, Warden, <br> *Respondent-Appellee*. | Gary Feinerman, <br> *Judge*. |

## O R D E R

David Cain, Jr., was convicted in the Western District of New York of racketeering and related offenses. After a failed appeal and an unsuccessful collateral attack under 28 U.S.C. § 2255, Cain now seeks relief under § 2241 from three convictions for extortion under the Hobbs Act. *See* 18 U.S.C. § 1951. He argues that under *Ocasio v. United States*, 136 S. Ct. 1423 (2016), and a Second Circuit decision that followed, he is

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

innocent because he never obtained "property" from his victims with their "consent," as required by the statute. The district court rejected his arguments and denied his § 2241 petition. We affirm, for a different reason: Because Cain does not rely on a new rule of statutory interpretation, and he already raised the same arguments in his direct appeal and his original petition under § 2255, he cannot use § 2241 to seek relief.

Cain was indicted in 2005 for numerous federal offenses, including Hobbs Act extortion, *see* 18 U.S.C. § 1951, in connection with his leadership of a loosely organized gang that used threats and violence to try to corner the tree-service and logging markets in northwest New York State. The Hobbs Act defines "extortion" as the "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." *Id.* § 1951(b)(2). At his trial, several witnesses testified that Cain had threatened other loggers and vandalized their equipment to stop them from competing with him for jobs; one said that, out of fear, he sold his tree-service business to Cain for far less than it was worth. A jury found Cain guilty of several of the charged offenses, including three counts of Hobbs Act extortion. He received a sentence of 660 months in prison.

Cain appealed, challenging (among other things) the sufficiency of the evidence supporting the three extortion convictions. Relying on *Scheidler v. National Organization for Women, Inc.*, 537 U.S. 393 (2003), he contended that those convictions had to be vacated because no evidence showed that he had obtained any specific job or a quantifiable portion of the market. Further, he argued, he could not have obtained anything of value from his victims with their "consent" because he had tried not to frighten them into abandoning the field, but to make competition impossible by vandalizing their businesses. In *Scheidler*, the Supreme Court held that merely interfering with or disrupting a business is not extortion because "obtaining property" under the Act requires "not only the deprivation but also the acquisition of property" that can be exercised or transferred. *Id.* at 404–05 (internal citations omitted). The Second Circuit concluded that this did not help Cain because the market share and solicitation rights he sought to obtain from his victims were just that sort of "property." *See United States v. Cain*, 671 F.3d 271, 282–83 (2d Cir. 2012). The jury found that Cain "frighten[ed] his victims into ceding their rights to compete—indeed their very businesses—to him." *Id.* at 284. And whether to forfeit to Cain or pay for repairs and face future threats of violence was exactly the type of dilemma the law considers extortionate. *Id.* at 283–84.

A year later, in 2013, Cain challenged his convictions under 28 U.S.C. § 2255. As relevant here, he contended that the Supreme Court's decision in *Sekhar v. United States*, 570 U.S. 729 (2013), invalidated the extortion convictions. Under *Sekhar*, Cain asserted, he was actually innocent of Hobbs Act extortion because his goal was only to interfere with his victims' businesses, not to obtain their property. In *Sekhar*, the Court reversed a conviction for attempted extortion premised on the defendant's attempts to compel a victim to influence his employer's investment decisions. 570 U.S. at 738. It reiterated the principle that "property" under the Act must be valuable in the hands of the defendant. *See id.* at 734 (citing *Scheidler*, 537 U.S. at 403–04). It also suggested that a person "who obtains goodwill and customer revenues by threatening a market competitor" was subject to prosecution. *Id.* at 734 n.2 (internal citations omitted). The district court denied the § 2255 petition, observing that *Sekhar* resolved no issues in Cain's favor because he had "tried to put competitors out of business so that he could *take or acquire* their business or market share." *See* Decision and Order at 22, *Cain v. United States*, No. 13-CV-1210-A (W.D.N.Y. Oct. 15, 2015). It denied Cain's requests for reconsideration and declined to issue a certificate of appealability. *United States v. Cain*, No. 05-CR-360-A, 2017 WL 145980, at *5 (W.D.N.Y. Apr. 25, 2017).

Cain nonetheless attempted to appeal and also tried to file a successive petition under § 2255(h) in the Second Circuit, asserting that, since his convictions, the Supreme Court had redefined "property" under the Hobbs Act. Procedural missteps hampered his efforts: Though the Second Circuit advised him that he needed its authorization to file a successive petition, he did not attempt to obtain it until after the court's deadline had passed. Order, *Cain v. United States*, No. 18-120 (2d Cir. Mar. 9, 2018).

Finally, in 2019, Cain filed his current § 2241 petition in the Northern District of Illinois, where he is now incarcerated. In addition to attacking his sentence, he renewed his argument, this time based on *Ocasio v. United States*, 136 S. Ct. 1423 (2016), that he is actually innocent of Hobbs Act extortion. He asserted that *Ocasio* narrowed the elements of that offense, so he stood convicted for conduct that the statute does not criminalize. Even if he was guilty of burglary, vandalism, arson, and coercion, he argued, his conduct fell outside the Hobbs Act because he never obtained property from his victims with their consent: He never confronted his victims during his acts of vandalism, so they could not have voluntarily surrendered any property to him.

After the parties briefed a number of procedural issues, including whether Cain could seek relief under § 2241 at all, the district court denied his petition. Sidestepping any potential procedural hurdles, the court rejected his attack on his sentence. It further

concluded that *Ocasio* did not change the law applicable to the extortion convictions, so the Second Circuit's reasons for upholding them still applied.

On appeal, Cain challenges only the ruling on his extortion convictions. We review denials of relief under § 2241 de novo. *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016). Before addressing the merits, though, we consider whether Cain can seek relief under § 2241. The answer depends on the "savings clause" of § 2255(e). Federal prisoners wishing to attack their convictions collaterally must generally do so by filing a § 2255 petition in the district in which they were convicted. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). In a narrow set of cases, under the savings clause, a prisoner may file a § 2241 petition in the district of his incarceration if he can show that § 2255 is "inadequate or ineffective" to test the legality of his detention. *Id.* In cases like this that rely on intervening decisions of statutory interpretation, we apply a three-part test to determine whether § 2255 is "inadequate or ineffective." The petitioner must establish that: (1) he seeks relief based on a decision of statutory interpretation; (2) the decision applies retroactively and could not have been invoked in his first § 2255 petition; and (3) a miscarriage of justice will occur if the petition is disallowed. *Id.; In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).

We begin, therefore, by determining the basis of Cain's attempt to vacate his extortion convictions. Cain insists that *Ocasio* redefined the elements of Hobbs Act extortion and made clear that the Act does not criminalize his offense conduct—i.e., inducing his competitors to abandon their work though threats, violence, and vandalism. Because the evidence shows that he rendered his victims' businesses inoperable through sabotage, he maintains, he could not have obtained anything of value with their consent, so he cannot be guilty of extortion.

Cain's petition falters at the second step of our savings-clause test. Although in *Ocasio* the Supreme Court discussed the Hobbs Act, it did not reinterpret the elements of extortion so as to create a new rule. In that case, a former police officer challenged his conviction for conspiring to commit Hobbs Act extortion, asserting that he could not have shared a common objective to take property "from another" with his alleged co-conspirators because the property he extorted belonged to them. *Ocasio*, 136 S. Ct. at 1427. In rejecting that argument, the Court explained that proof that the conspirators intended for the underlying crime to be committed by a member of the conspiracy capable of doing so was sufficient to sustain a conviction for conspiracy. *Id.* at 1432. Because the officer had committed every element of extortion—he had obtained money to which he was not entitled in return for official acts—and his co-conspirators had

intended for him to do so, his conviction for conspiracy to commit extortion was sound. *Id*. In describing the substantive elements of extortion, the Court walked through the definitions of "property" and "consent" in the Hobbs Act, but it did not narrow or alter any element of the offense. *See id.* at 1435. Cain therefore cannot rely on *Ocasio* for any "new" rule. Indeed, his current challenge mirrors his arguments (premised on *Scheidler*) about "property" and "consent" that the Second Circuit rejected on direct appeal.

Cain also contends that the decision in *United States v. Kirsch,* 903 F.3d 213 (2d Cir. 2018), effectively overruled the holding from his direct appeal that market share and solicitation rights are "property" under the Hobbs Act. Even if statutory-interpretation cases at the circuit level can provide a basis for relief under § 2241, s*ee Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019), *Kirsch* does not alter the legal landscape to Cain's benefit. In that case, the Second Circuit rejected a union leader's argument that the wages he sought to extort on behalf of union members did not constitute "property" under New York extortion law. *Kirsch*, 903 F.3d at 227–28. It observed that the definitions of "extortion" under state law and the Hobbs Act were "nearly identical" and restated the Supreme Court's conclusions in *Scheidler* and *Sekhar* that unlawfully obtained "property" needs to be something "transferrable." *Id.* at 225–26. It did not announce a new rule of statutory interpretation or call any holdings from Cain's direct appeal into question. Therefore, *Kirsch*, like *Ocasio*, does not provide an opening for Cain to avail himself of § 2241.

AFFIRMED