In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1224

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEREMY GLISPIE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 1:18-cr-10002-JES-JEH-1 — **James E. Shadid**, *Judge.*

ARGUED SEPTEMBER 25, 2019 — DECIDED OCTOBER 14, 2020

Before RIPPLE, ROVNER, and BRENNAN, *Circuit Judges.*

PER CURIAM. Jeremy Glispie stands convicted of being a
felon in possession of a firearm in violation of 18 U.S.C.
§ 922(g). Based on his prior convictions for residential bur-
glary under Illinois law, the district court further determined
that he was an "armed career criminal" under the Armed
Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and im-
posed the mandatory minimum sentence of fifteen years'
imprisonment.

In due course, Mr. Glispie appealed to this court. He maintained that the Illinois residential burglary statute is too broad to be considered "generic burglary" under 18 U.S.C. § 924(e)(2)(B)(ii). He submitted that the "limited-authority" doctrine, as implemented in Illinois, rendered the Illinois burglary statute broader than the federal definition of generic burglary and that, consequently, his burglary convictions could not be used to enhance his sentence. In his view, Illinois residential burglary does not require an unlawful or unauthorized entry, separate and apart from an entry or remaining with the intent to commit a crime.

Upon taking the matter under advisement, we first noted that generic burglary under the ACCA requires 1) "an unlawful or unprivileged entry into[] or remaining in," 2) "a building or other structure," 3) "with intent to commit a crime." *United States v. Glispie*, 943 F.3d 358, 363 (7th Cir. 2019) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). We further noted that, under the above definition, "the entry itself must be unlawful; an intent to later commit a crime or theft, without more, does not meet this requirement." *Id.* (citing *Descamps v. United States*, 570 U.S. 254, 264–65 (2013)). Therefore, if Mr. Glispie's understanding of the Illinois residential statute were correct, the state offense indeed would be broader than generic burglary. Consequently, a conviction under that statute could not be used to enhance a sentence under the ACCA.

Our examination of the Illinois residential burglary statute convinced us that Mr. Glispie had raised an important issue of state law that had not been determined by the Supreme Court of Illinois. We therefore certified to the Supreme Court of Illinois the following question: "whether,

and if so under what circumstances, the limited-authority doctrine applies to its residential burglary statute, 720 ILCS 5/19-3." *Id.* at 372. The Supreme Court of Illinois accepted the certified question, accepted briefs from the parties, and heard oral argument. On September 24, 2020, it answered the certified question in the affirmative and held that the limited-authority doctrine apples to residential burglary by entry. *United States v. Glispie*, No. 125483, 2020 WL 5668984, at *8 (Ill. Sept. 24, 2020).

We are grateful to the Justices for accepting our certification and for answering our question, an issue that is important in the administration of criminal justice in both our jurisdictions. On the basis of this holding, we now hold that a conviction for residential burglary by entry under the Illinois statute does not qualify as generic burglary as the Supreme Court of the United States has defined that term. *See Taylor*, 495 U.S. at 598. Therefore, Mr. Glispie's previous convictions under the Illinois residential burglary statute cannot be used to enhance his sentence under the ACCA. Accordingly, his sentence is vacated, and the case is remanded to the district court for resentencing without the ACCA enhancement.

SENTENCE VACATED; CASE REMANDED.