**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2022[*]
Decided January 27, 2022
Amended May 26, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 18-1697

| | |
|---|---|
| TRACY L. PARKER, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:16-cv-01012-DRH-CJP |
| | |
| DANIEL SPROUL, | David R. Herndon, |
| *Respondent-Appellee*. | *Judge*. |

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Tracy Parker is a federal prisoner who says his sentence was wrongly increased under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He petitioned for relief under 28 U.S.C. § 2241, arguing that under *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior convictions were not violent felonies. The district court denied his petition on the merits. Since then, the legal landscape has changed under the ACCA in Parker's favor. Nonetheless, his petition faces two hurdles. First, the government says that his case is moot. It reasons that his current prison term is not based on the ACCA but on a resentencing that occurred when his supervised release was revoked. Second, prisoners are generally required to attack their convictions under § 2255, not § 2241, which is available only in limited circumstances described by the saving clause in § 2255(e). We conclude that the case is not moot, but saving-clause relief is unavailable to Parker, who could have raised these same arguments in a timely § 2255 motion.

**Background**

Parker pleaded guilty in 2000 to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). He was charged as an Armed Career Criminal under 18 U.S.C. § 924(e), which increased the authorized range for his sentence. The district court applied the ACCA and sentenced him to 150 months in prison and five years' supervised release. Without the ACCA, his maximum prison term would have been 120 months.

The ACCA applies to defendants who have at least three prior convictions for "violent felonies." § 924(e)(1). To qualify, the crime of conviction is judged categorically by its elements, not by the defendant's conduct. *Taylor v. United States*, 495 U.S. 575, 600 (1990). The crime must have as an element the use, attempted use, or threatened use of force, or be comparable to common law burglary or certain other crimes. § 924(e)(2)(B). Parker's pre-sentence report listed eight prior felonies: Four for Illinois burglary; two for Illinois residential burglary; one for Illinois arson; and one for Illinois aggravated battery. The court did not note which of them qualified as violent felonies under the ACCA. At his sentencing, Parker did not dispute that he had at least three prior violent felonies, nor did he take a direct appeal.

While in jail awaiting his sentence, Parker tried to smuggle in a gun so that he could escape by force. The plan failed, and he pleaded guilty to conspiracy to escape, 18 U.S.C. § 371, and attempted escape, 18 U.S.C. § 751(a). For these crimes, he was sentenced to 96 months in prison to run consecutively with his felon-in-possession

sentence and three years' supervised release to run concurrently. We affirmed. *United States v. Parker*, 368 F.3d 963 (7th Cir. 2004).

Years later, Parker collaterally attacked his sentence. First, he filed a petition for habeas corpus under § 2241, which was dismissed because he failed to seek relief under § 2255 first. He later filed his first § 2255 motion in 2014, which was denied as untimely. Then came three more § 2255 motions, each dismissed as a second or successive application barred by § 2255(h).

Finally, Parker filed the petition in this case, seeking habeas relief under § 2241. He contends that *Mathis* established that he had been wrongly sentenced under the ACCA. He sought to take advantage of the saving clause in § 2255(e), which allows a prisoner to seek habeas relief when § 2255 "is inadequate or ineffective to test the legality of his detention." It was inadequate, he argued, because he could not rely on *Mathis* when he filed his first § 2255 motion. The district court denied his saving-clause petition on the merits, ruling that at least three of his convictions counted as violent felonies.

Parker appealed, and since filing his appeal, several relevant events occurred. Parker finished his prison sentence for both the gun possession and escape crimes and started supervised release. Then, he admitted to violating his conditions of supervised release, leading to the revocation of release in both criminal cases. He was sentenced to 17 months' imprisonment in each case, consecutively, for a total of 34 months. He received no additional term of supervised release. Though he was in Illinois when he filed this petition, he is now imprisoned at FCI Manchester in Kentucky.

### Mootness

We start by ensuring that we still have jurisdiction given Parker's release and reimprisonment. A litigant's case must be dismissed as moot if he can no longer "obtain any potential benefit from a favorable decision." *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018). The party asserting mootness bears the burden of proving it. *Id.*

The government argues that the case is moot because a ruling about Parker's initial sentence will not affect his sentence upon revocation of release. It relies on *United States v. Johnson*, 529 U.S. 53 (2000), which held that extra time served on a vacated conviction does not automatically reduce a still-valid, ongoing term of supervised release. After *Johnson*, we ruled that, even though a reduction in supervised release is

not automatic, some form of relief may be available, preventing mootness. *See United States v. Trotter*, 270 F.3d 1150 (7th Cir. 2001); *Pope*, 889 F.3d at 410.

But these cases do not apply to Parker, who is incarcerated with no further supervised release on his sentence. *Johnson*'s holding was based on the Supreme Court's interpretation of 18 U.S.C § 3624(e)—which authorizes supervised release—to say that a term of supervised release begins when the prisoner is actually released, not when he should have been released. This vindicates the "rehabilitative ends" of supervised release, which are "distinct from those served by incarceration." 529 U.S. at 56. Parker's current sentence is not governed by § 3624(e), nor is the purpose of supervised release served by his current incarceration.

The question in Parker's case is whether excess time spent in prison for his crime of conviction can be credited toward a prison term for revocation of the supervised release tied to that crime. It can. The Fourth Circuit recently explained why, citing a longstanding Bureau of Prisons regulation. *United States v. Jackson*, 952 F.3d 492, 498 (4th Cir. 2020). "If a prisoner is released late ('past due') because of staff error, a court order or executive clemency and is later returned as a supervised release or probation violator, the late release time shall be awarded on the supervised release or probation violator term." Bureau Program Statement § 5880.28, Sentence Computation Manual-CCCA of 1984 (1999) at 1-14C-D. We give this program statement deference under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837 (1984), because Congress gave the Bureau rulemaking authority in this area, and it passed this regulation with the proper notice-and-comment process. *White v. Scibana*, 390 F.3d 997, 1000 (7th Cir. 2004), as amended (Feb. 14, 2005). In light of this regulation, Parker's case is not moot.

### The Saving Clause of § 2255

Parker faces another hurdle, and this one is insuperable. A federal prisoner attacking his conviction or sentence must generally use 28 U.S.C. § 2255. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). Parker filed three such motions: the first was dismissed as untimely, the next two as successive motions in violation of § 2255(h). He now invokes § 2241, but this is available only if § 2255 is "inadequate or ineffective to test the legality of his detention" under § 2255(e), the so-called saving clause. Parker says his claim meets this standard because he could not have brought it before *Mathis*.

Claims brought under new legal interpretations by the Supreme Court qualify for the saving clause if they meet a three-part test: (1) the claim of error must rely on a statutory-interpretation case, not a constitutional case, so it cannot be brought as a

successive § 2255 motion; (2) the case applies retroactively but could not have been invoked in a prior § 2255 motion; and (3) the error creates a miscarriage of justice. *Chazen*, 938 F.3d at 856 (quoting *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

The parties agree that *Mathis* is a statutory-interpretation case, but that is where the amity ends. Among other contentions, the government argues that Parker could have raised the same arguments in his § 2255 motion or at his initial sentencing, even without the benefit of *Mathis*. (It also argues that no miscarriage of justice occurred because Parker's revocation sentence is lawful. But our analysis of mootness dispenses with this argument. If Parker is right on the merits of his petition, then he served 30 extra months in prison, an excess term that under the Bureau's rules would count against his revocation sentence, erasing it entirely.)

The government is correct that Parker could have raised his current arguments in a timely § 2255 motion in 2001. Although *Chazen* sets out this requirement, 938 F.3d at 856, so does the saving clause itself, which kicks in only if § 2255 is "inadequate or ineffective" for raising a claim, *see* § 2255(e). We may assume that under our post-*Mathis* law, Parker's claim that the ACCA does not apply to him may now have merit. Of his eight prior convictions, four were for Illinois burglary. We ruled in *United States v. Haney*, 840 F.3d 472, 477 (7th Cir. 2016) (applying *Mathis*), that this is not a crime of violence. Two were for Illinois residential burglary. Under *United States v. Glispie*, 978 F.3d 502, 503 (7th Cir. 2020) (same), we do not consider this a violent felony either, striking two more from Parker's total. That leaves, at most, two violent felonies—not enough to trigger the ACCA.

But it is not enough that our post-*Mathis* cases support Parker's claim if he could have made the same arguments without relying on these cases. The saving clause requires "'some kind of *structural* problem with section 2255 before section 2241 becomes available.'" *Higgs v. Watson*, 984 F.3d 1235, 1239 (7th Cir. 2021) (quoting *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)). In *Chazen,* we identified such a barrier: Eighth Circuit precedent had blocked Chazen from arguing that his Minnesota burglary conviction was not a violent felony. *Chazen* at 862. Only after *Mathis* did that circuit change its view. *Id*. But Parker has not cited any similar barrier in this circuit. In the absence of such a barrier, he could have argued in a timely § 2255 motion in 2001 that Illinois burglary and residential burglary were not violent felonies. True, he would not have had the benefit of *Mathis*, but he identifies no circuit precedent that, as of 2001, blocked him. Consequently, we conclude that he could have made the same arguments as the litigant in *Mathis,* based on the Supreme Court's prior ACCA cases

that laid out the categorical approach, going back to *Taylor*, 495 U.S. 575. We note, too, that after *Mathis*, we initially decided that Illinois residential burglary *was* a violent felony. *Dawkins v. United States*, 809 F.3d 953 (7th Cir. 2016). *Glispie* overruled this. *Glispie*, 978 F.3d at 503. Between those two cases, Parker's argument might have been foreclosed. But it was not foreclosed before 2016, including in 2001, when he could have filed a timely § 2255 motion.

Because Parker could have raised his current arguments in a timely § 2255 motion and did not, he cannot now take advantage of § 2241. The judgment of the district court is

AFFIRMED.