In the

# United States Court of Appeals
## for the Seventh Circuit

No. 19-2504

DEANGELO SANDERS,

*Petitioner-Appellant*,

*v.*

M. JOSEPH, Warden,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 16-cv-1249-SMY — **Staci M. Yandle**, *Judge*.

ARGUED APRIL 14, 2022 — DECIDED JULY 7, 2023

Before SYKES, *Chief Judge*, and HAMILTON and SCUDDER, *Circuit Judges*.

SYKES, *Chief Judge*. DeAngelo Sanders was convicted in 2006 of two firearms offenses in the Southern District of Illinois. At his sentencing hearing in 2007, the district court imposed an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on three of Sanders's prior convictions, including one for Illinois resi-

dential burglary. His direct appeal failed, as did his motion for collateral relief under 28 U.S.C. § 2255.

In the intervening years, Sanders has applied three times for our permission to file a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3). Under § 2255(h) a successive motion is permitted if and only if it contains "newly discovered evidence" of innocence or is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Sanders's successive motions did not satisfy either of these conditions, so we denied all three applications.

Sanders then filed a petition for habeas corpus under 28 U.S.C. § 2241 seeking another round of collateral review via the "saving clause" in 28 U.S.C. § 2255(e).[1] Ordinarily a § 2255 motion in the sentencing court is the exclusive method for a federal prisoner to collaterally attack his conviction or sentence, but § 2255(e) preserves a path to collateral review via habeas. On its face the saving-clause gateway to habeas review is narrow: the statute provides that a federal prisoner's § 2241 motion "shall not be entertained" unless the remedy by motion under § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e).

---

[1] A habeas petition must be filed in the district where the prisoner is confined. 28 U.S.C. §§ 2242, 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). When Sanders filed his § 2241 petition, he was confined in a federal prison in the Southern District of Illinois, the same district in which he was convicted and sentenced. He properly filed his § 2241 petition there. He has since been transferred to a federal prison in Georgia. The change in his custodian does not affect our jurisdiction. *See In re Hall*, 988 F.3d 376, 377–78 (7th Cir. 2021).

Our decision in *In re Davenport* opened the saving-clause gateway for certain habeas claims premised on new statutory-interpretation decisions. 147 F.3d 605 (7th Cir. 1998). Channeling postconviction review to the § 2255 remedy and restricting prisoners to one such motion—with limited exceptions for newly discovered evidence and new rules of constitutional law—blocks prisoners from seeking the benefit of later statutory-interpretation decisions. We held in *Davenport* that § 2255 is "inadequate or ineffective"— and § 2241 is therefore available—when the limits on successive § 2255 motions bar relief and the prisoner's claim is based on a new interpretation of a criminal statute that was previously foreclosed by circuit precedent. *Id.* at 610–11.

Sanders's habeas petition proposed to raise a *Davenport* claim challenging his ACCA-enhanced sentence based on *Mathis v. United States*, 579 U.S. 500 (2016). The district judge denied relief. After Sanders appealed that decision, we held that a conviction for Illinois residential burglary cannot be used to enhance a sentence under the ACCA. *United States v. Glispie*, 978 F.3d 502, 503 (7th Cir. 2020) (per curiam). Because one of Sanders's ACCA predicates was an Illinois residential-burglary conviction, he pointed to *Glispie* and argued that he was entitled to § 2241 relief on that basis as well.

On the first go-around we disagreed and summarily affirmed the district court's decision in an unpublished order. Sanders sought panel rehearing, arguing that he was previously precluded from making a *Glispie*-like argument by our decision in *United States v. King*, 62 F.3d 891 (7th Cir. 1995). We agreed that his case deserved another look. We reasoned that *if* Sanders could rely on *Glispie* to pass through the

saving clause and *if* he had been previously precluded by circuit precedent from making a *Glispie*-like argument, then he *might* be entitled to seek § 2241 relief under *Davenport*. That, in turn, raised the question whether *Glispie*, as a circuit-level statutory-interpretation case (rather than one from the Supreme Court), could satisfy the requirements of our *Davenport* saving-clause test. We therefore granted panel rehearing, vacated our earlier order, and recruited pro bono counsel to represent Sanders in presenting these complex issues.[2]

After rebriefing and oral argument, the Supreme Court granted certiorari in *Jones v. Hendrix*, 142 S. Ct. 2706 (mem.) (2022), which raised the question whether *Davenport*'s interpretation of the saving clause—and similar interpretations adopted in other circuits—is correct. Because Sanders's habeas petition depends on the continued viability of our decision in *Davenport*, we held this appeal for the Court's ruling in *Jones v. Hendrix*.

That decision is now in. The Supreme Court has rejected *Davenport*'s interpretation of the saving clause. *Jones v. Hendrix*, 21-857, 2023 WL 4110233, at *7 (June 22, 2023). As the Court explained:

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collat-

---

[2] Attorney Robert J. Palmer of May Oberfell Lorber accepted the representation and has ably discharged his duties. He supervised law students Madeline Callaghan and Shannon Mukerji of the University of Notre Dame Law School, who assisted him on this appeal. We thank Mr. Palmer and his students for their service to their client and the court.

eral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.

*Id.* at *9. The Court's ruling abrogates *Davenport*.

Under *Jones v. Hendrix*, Sanders cannot bring his statutory claim in a § 2241 habeas petition via the saving clause; indeed, "he cannot bring it at all." *Id.* We therefore affirm the district court's judgment denying his § 2241 petition, though on different grounds.

AFFIRMED