UNITED STATES of America, Appellee,

v.

**Donald D. PAYTON, II, Appellant.**

No. 88–1716.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 2, 1990.

Decided Oct. 30, 1990.

Terry Wright, Des Moines, Iowa, for appellant.

Lester A. Paff, Des Moines, Iowa, for appellee.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Donald E. Payton's case is before us again after the grant of certiorari and vacation of our judgment by the Supreme Court of the United States. —— U.S. ——, 110 S.Ct. 2581, 110 L.Ed.2d 262. The case has been remanded to us for further proceedings in light of *Taylor v. United States*, —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The only issue in our earlier opinion that must be examined again on remand relates to Payton's 1971 conviction. In all other respects we adopt the discussion in our earlier opinion, *United States v. Payton*, 878 F.2d 1089 (8th Cir.1989). After further consideration, and following the teachings of *Taylor*, we affirm the sentence.

*Taylor* defined a burglary conviction for purposes of sentence enhancement under 18 U.S.C. § 924(e)(2)(B)(ii) (1988) as "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, —— U.S. at ——, 110 S.Ct. at 2158, 109 L.Ed.2d at 627. According to *Taylor*, courts must compare state burglary statutes with this generic definition to determine whether a conviction under that statute will qualify to enhance the defendant's sentence under the guidelines. If the state burglary statute covers a broader scope than entry into a building, such as entry into an automobile, then the court must look to the charging paper (be it the indictment or information) or the jury instructions to determine whether defendant was charged and convicted with burglary of a building. *Id.* —— U.S. at ——, 110 S.Ct. at 2158–61, 109 L.Ed.2d at 627–29.

In this case the district court had before it a copy of the entry of judgment on the 1971 conviction, which simply recited that defendant entered a guilty plea to the crime of breaking and entering as defined in section 708.8 of the Code of Iowa. The judgment entry does not tell us, nor did it tell the district court, whether this was breaking and entering a building or breaking and entering a railroad car, boat or vessel, all of which are included within the scope of the statute.[1]

■ The district court, in determining whether the burglary qualified as enhancement, referred to the police report to determine the nature of the conduct leading to the conviction. *Taylor* makes clear that this court was in error in affirming the district court's action in that respect. The Supreme Court stated that Congress took a categorical approach to predicate offenses and that the sentencing court was not required "to engage in an elaborate fact finding process," *Taylor*, —— U.S. at ——, 110 S.Ct. at 2159, 109 L.Ed.2d at 628, regarding these offenses. The extent of the inquiry is the fact of conviction, the statutory definition of the offense, and if necessary the "charging paper and jury instructions [that] actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id.* —— U.S. at ——, 110 S.Ct. at 2160, 109 L.Ed.2d at 629.

---

1. Section 708.8 of the Iowa Code effective at the time of the 1971 guilty plea provided as follows:

    **708.8 Other breakings and enterings.** If any person, with intent to commit any public offense, in the daytime break and enter, or in the nighttime enter without breaking, any dwelling house; or at any time break and enter any office, shop, store, warehouse, railroad car, boat, or vessel, or any building in which any goods, merchandise, or valuable things are kept for use, sale, or deposit, he shall be imprisoned in the penitentiary not more than ten years, or be fined not exceeding one hundred dollars and imprisoned in the county jail nor more than one year.

    Iowa Code § 708.8 (1971).

Thus, we conclude the district court erred in looking beyond the statute, the charging paper and the jury instruction.

The record before the district court does not contain a copy of the charging paper. A photocopy of the information, however, was filed as an attachment to the government's supplemental brief in this court after remand. Ordinarily we might have some discomfort with relying on a photocopy, and would prefer to have its authenticity determined by the district court. But appellant, in a pro se brief,[2] also attached a copy of the same information, eliminating any concern we would have as to its authenticity. We have, in a related case in recent days, held that we may properly take judicial notice of such public documents. *See United States v. Jordan,* 913 F.2d 1286, 1287 (8th Cir.1990).

The information portion of the charging document charges that on the day in question Payton "did break and enter a building located at 242 E. 30th with intent to commit a public offense." Appellant's pro se argument that the information does not fulfill the generic definition of *Taylor* is without merit.

In addition, at sentencing Payton made a voluntary admission that resolves this issue. When called upon for comments, Payton stated:

> Sir, in the 1971 conviction, there was definitely a B & E. I was in a tavern, I took some cigarettes out of cartons. There was no doubt that I did this. I'm not trying to fight that at all. When I started the fire that they are talking about, the fire was cartons in a room probably 8 by 12. I seen that this would be—it could lead to worse. I put it out myself. I think it would prove and could prove—because the charges were dropped, you have to have intent to burn something down for arson, fire, for some

kind of means. I wasn't doing that. It wasn't an arson in that form.

Sentencing Tr. at 23–24. The record before the district court was thus clear that Payton had broken and entered a building with intent to commit a crime and took cigarettes and started a fire, which he later extinguished. This satisfies the generic definition laid down in *Taylor.*

We thus conclude that the district court properly relied on the 1971 burglary conviction to enhance Payton's sentence. The conviction and sentence are affirmed.

**2.** While our Eighth Circuit policy provides that when a party is represented by counsel we will not accept pro se briefs for filing, and in spite of the fact that appellant's counsel filed a short brief with this court commenting upon *Taylor,* we granted leave to appellant to file a brief not to exceed five pages. We later received a motion to file this brief out of time and the brief consisted of eight pages of discussion and six attachments, including copies of the indictment, district court order and photocopies of the statutes of Iowa. While we have accepted this pro se filing, we do so with the firm resolution that we will in the future strictly enforce the provisions of our rules with respect to multiple filings.