In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-1093

MICHAEL GERALD GAMBOA,

*Petitioner-Appellant*,

*v.*

CHARLES DANIELS\*, Warden,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Central District of Illinois.
No. 17-cv-1346 — **James E. Shadid**, *Judge*.

ARGUED NOVEMBER 30, 2021 — DECIDED FEBRUARY 14, 2022

Before KANNE, WOOD, and HAMILTON, *Circuit Judges*.

KANNE, *Circuit Judge*. In 2003, a federal jury in North Dakota convicted Michael Gamboa of seven counts of drug and firearm crimes. At sentencing, the district court found that Gamboa had two or more prior convictions for felony drug offenses, which meant he was subject to a mandatory term of

---

\* We substitute Charles Daniels, Warden of USP Beaumont, Texas, as the respondent. Fed. R. App. P. 23(a).

life imprisonment without release under 21 U.S.C. § 841(b)(1)(A)(viii) on two of the counts. After an unsuccessful direct appeal and multiple 28 U.S.C. § 2255 motions and 28 U.S.C. § 2241 petitions, Gamboa again seeks a writ of habeas corpus under § 2241. He argues that, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior state drug convictions do not constitute felony drug offenses for the purposes of the sentencing enhancement under § 841(b)(1)(A), as defined in 21 U.S.C. § 802(44). The district court denied habeas relief because Gamboa had not shown that his claim was previously foreclosed at the time of his initial § 2255 motion. We affirm.

## I. BACKGROUND

### A. Gamboa's Sentencing and Direct Appeal

In 2003, a jury in the District of North Dakota found Gamboa guilty on all counts of a seven-count indictment for offenses involving firearms, narcotics possession, and conspiracy to possess with the intent to distribute methamphetamine. Relevant here are Counts 1 and 2: conspiracy to possess with intent to distribute methamphetamine and aiding and abetting in violation of 21 U.S.C. § 846, as defined under 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2 (Count 1); and possession of methamphetamine with intent to distribute and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2).

Before trial, the government filed its notice of prior convictions under 21 U.S.C. § 851(a). The notice alleged that Gamboa had three prior convictions for felony drug offenses: (1) a felony conviction for a drug-distribution conspiracy occurring between September 1994 and November 1995, involving cocaine, methamphetamine, and/or marijuana, entered on

October 11, 1996, in Polk County District Court, Minnesota, in violation of Minn. Stat. § 152.096, subdiv. 1 (1989); (2) a felony conviction for a controlled-substance offense in the fifth degree, possession of a mixture containing cocaine occurring on or about September 13, 1995, entered on October 11, 1996, in Polk County District Court, Minnesota, in violation of Minn. Stat. § 152.025, subdiv. 2(1) (1995); and (3) a felony conviction for delivery of marijuana occurring on or about November 27, 1995, entered in Grand Forks County District Court, North Dakota, on October 23, 1996, in violation of N.D. Cent. Code, § 19-03.1-23(1)(b) (1995).

At sentencing, Gamboa argued that his prior state offenses should not count as separate predicate felony convictions. However, the "court made specific findings that the North Dakota conviction for the delivery of marijuana in Grand Forks County and the drug conspiracy conviction in Polk County, Minnesota, were both separate predicate felony convictions for the purpose of enhancing the sentences on Counts One and Two." *United States v. Gamboa*, 439 F.3d 796, 813 (8th Cir. 2006). The § 841 enhancement, at the time, increased the statutory maximum sentence to life imprisonment without release. *See* 21 U.S.C. § 841(b)(1)(A)(viii). The district court sentenced Gamboa to concurrent terms of life imprisonment on Counts 1 and 2.

On direct appeal, the Eighth Circuit affirmed Gamboa's conviction and sentence on Counts 1 and 2. The Supreme Court later denied Gamboa's petition for a writ of certiorari. *Gamboa v. United States*, 549 U.S. 1042 (2006).

*B. Gamboa's § 2255 Motions and Previous § 2241 Petitions*

On November 13, 2007, Gamboa filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the District of North Dakota. The district court dismissed his § 2255 motion with prejudice and the Eighth Circuit declined to issue a certificate of appealability.

Gamboa has had a lengthy post-conviction history. *See, e.g.*, *Gamboa v. United States*, No. 13–2674 (8th Cir. Oct. 20, 2013) (affirming dismissal of successive § 2255 motion brought without authorization); *Gamboa v. United States*, No. 12–3864 (8th Cir. Mar. 28, 2013) (denying application for successive § 2255 motion); *Gamboa v. Stine*, No. 7-cv-00002, 2007 WL 38373 (E.D. Ky. Jan. 5, 2007) (denying § 2241 petition); *Gamboa v. Warden, FCC Coleman*, No. 11-cv-00202 (M.D. Fla. May 20, 2011) (dismissing § 2241 petition); *Gamboa v. Krueger*, 668 F. App'x 654 (7th Cir. 2016) (affirming dismissal of § 2241 petition). But we need not discuss the details of his numerous motions and petitions for post-conviction relief because they are all unrelated to the issues before us.

*C. Gamboa's New § 2241 Petition*

In 2016, the Supreme Court decided *Mathis*, which narrowed the range of state statutes that qualify as violent-felony predicates under the Armed Career Criminal Act. After *Mathis* was decided, Gamboa again pursued post-conviction relief under § 2241 in the Central District of Illinois, where he was confined at the time.

Relying on *Mathis*, Gamboa argued that the state drug statutes used to enhance his sentence are overbroad and, therefore, do not qualify as predicate felony drug offenses within the meaning of 21 U.S.C. § 802(44). The government

argued that Gamboa was not previously foreclosed from bringing a *Mathis*-style argument based on *Taylor v. United States*, 495 U.S. 575 (1990), which held that a sentencing court must generally adopt a formal categorical approach in applying the sentencing enhancement provision of the Armed Career Criminal Act, looking only to the fact of conviction and the statutory definition of the predicate offense rather than to the particular underlying facts.

Gamboa responded by contending that his argument had indeed been foreclosed prior to *Mathis* because Eighth Circuit precedent interpreting *Taylor*—*United States v. Payton*, 918 F.2d 54 (8th Cir. 1990), and *United States v. Cornelius*, 931 F.2d 490, 494 (8th Cir. 1991)—permitted all alternatively phrased overbroad statutes to be treated as *per se* divisible. The district court denied Gamboa relief under § 2241 because it found that he had not identified Eighth Circuit precedent that broadly foreclosed any argument that an alternatively phrased statute could be indivisible at the time of his direct appeal and initial § 2255 motion, nor any other case law that would have foreclosed his claim.

Gamboa now appeals.

## II. ANALYSIS

### A. Appellate Jurisdiction

We start with the preliminary issue we asked the parties to address. On February 7, 2020, we authorized Gamboa's transfer to a federal facility in Texas. We asked the parties to address the effect on this appeal, if any, of his transfer to the Texas facility. Both parties agree that we retain jurisdiction over this appeal despite Gamboa's transfer to a facility in another jurisdiction. So do we.

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A court "may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it." *Id.* § 2241(b). "In accord with the statutory language … the default rule is that the proper respondent is the warden of the facility where the prisoner is being held … ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citing *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996)). But "when the Government moves a habeas petitioner after []he properly files a petition naming h[is] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441; *see also Ex Parte Endo*, 323 U.S. 283, 306–07 (1944).

We retain jurisdiction to hear Gamboa's appeal. Gamboa filed his petition in the Central District of Illinois while incarcerated in that district, and he was still located there when the district court entered judgment on July 31, 2019. Gamboa's proper filing of his § 2241 petition in the district where he was incarcerated at the time vests us with jurisdiction over Gamboa's appeal. *See In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021) (issuing a writ of mandamus to the district court directing it to rescind its transfer order and return the case to the Southern District of Indiana, where petitioner was incarcerated when he filed his § 2241 petition).

## B. *Gamboa's § 2241 Petition*

With jurisdiction established, we can now address Gamboa's appeal. Gamboa appeals from the district court's denial

of his petition for habeas corpus relief under 28 U.S.C. § 2241. He argues that, given recent changes in our application of the categorical approach, under *Mathis*, his prior Minnesota and North Dakota drug convictions do not qualify as predicate felonies under the federal statutes that determined his sentence.

*1. Background on the Categorical Approach*

Section 841 requires an increase in the mandatory minimum sentence for any defendant convicted under the statute "after a prior conviction for a serious drug felony or serious violent felony has become final." 21 U.S.C. § 841(b)(1)(A)(viii). Section 802(44) defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

We apply the *Taylor* categorical approach to determine whether a prior state conviction is a "felony drug offense" under federal law. *See United States v. Elder*, 900 F.3d 491, 497–501 (7th Cir. 2018). "Under the categorical approach, courts look solely to whether the elements of the crime of conviction match the elements of the federal recidivism statute." *United States v. Ruth*, 966 F.3d 642, 646 (7th Cir. 2020) (citing *Elder*, 900 F.3d at 501). "If, and only if, the elements of the state law mirror or are narrower than the federal statute can the prior conviction qualify as a predicate felony drug offense." *Id.* (quoting *United States v. De La Torre*, 940 F.3d 938, 948 (7th Cir. 2019)); *see also Taylor*, 495 U.S. at 602.

In *Shular v. United States*, the Supreme Court clarified that there are two categorical methodologies depending on the statute at issue. 140 S. Ct. 779, 783 (2020). We explained the two methodologies in *Ruth*:

> In the first categorical methodology, some statutes require "the court to come up with a 'generic' version of a crime—that is, the elements of 'the offense as commonly understood.'" *Id.* (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016)). We will refer to this first method as the generic-offense method. The archetypal example is *Taylor* itself, which confronted the Armed Career Criminal Act's "unadorned reference to 'burglary'" and required the Court to "identif[y] the elements of 'generic burglary' based on the 'sense in which the term is now used in the criminal codes of most States.'" *Id.* (quoting *Taylor*, 495 U.S. at 598–99). The Court then matched the elements of the offense of conviction against those of the generic crime. *Id.* The second categorical-approach method, though, concerns statutes that do not reference a certain offense, but rather "some other criterion" as the measure for prior convictions. *Id.* The example given for this second methodology was where an immigration statute assigned consequences for a prior conviction for an offense that "involves fraud or deceit," and the Court simply looked to whether the prior offense's elements "necessarily entail fraudulent or deceitful *conduct*" as the appropriate measure. *Id.* (quoting *Kawashima v. Holder*, 565 U.S. 478, 483–85 (2012)). We will call this second method the conduct-based method.

*Ruth*, 966 F.3d at 646 (alteration in original). Accordingly, we held in *Ruth* that the conduct-based method applies to

determining whether a state offense is a "serious drug of-fense" under the Armed Career Criminal Act. *Id.* at 647.

A state statute of conviction may, however, be divisible even if it is overbroad. *Id.* at 648. A statute is divisible if it "sets out one or more elements of the offense in the alternative." *Descamps v. United States*, 570 U.S. 254, 257 (2013). We apply the modified categorical approach if the statute is divisible, which allows a sentencing court to "consult a limited class of documents … to determine which alternative formed the basis of the defendant's prior conviction … for the limited purpose of determining whether the elements of the crime of conviction match (or are narrower than) the elements of the generic offense." *Chazen v. Marske*, 938 F.3d 851, 857 (7th Cir. 2019) (quoting *Van Cannon v. United States*, 890 F.3d 656, 663 (7th Cir. 2018)); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005). "If the alternative means listed in an indivisible statute cover a broader swath of conduct than the generic offense, then a conviction under the statute doesn't count as a[] … predicate." *Van Cannon*, 890 F.3d at 663 (citing *Mathis*, 136 S. Ct. at 2251).

*2. The Saving Clause Gateway to § 2241*

Section 2255 allows a federal prisoner to seek collateral review of his sentence by motion. Usually, a prisoner is limited to one motion. The statute, however, permits a successive motion only if the prisoner's claim is based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(1)–(2).

"The statutory saving clause, § 2255(e), permits another round of collateral review through a petition for habeas

corpus under § 2241, but only if the remedy by motion is 'inadequate or ineffective to test the legality of [the prisoner's] detention.'" *Guenther v. Marske*, 997 F.3d 735, 741 (7th Cir. 2021) (alteration in original) (quoting § 2255(e)). "We have held that an avenue for postconviction relief may be 'inadequate' or 'ineffective' when 'so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.'" *Higgs v. Watson*, 984 F.3d 1235, 1239 (7th Cir. 2021) (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)).

We have established a three-part test to determine whether a petitioner is entitled to relief under the saving clause:

> To pursue relief under § 2241, a petitioner must establish that "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice."

*Chazen*, 938 F.3d at 856 (quoting *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

*3. Gamboa's Eligibility for § 2241 Relief*

Gamboa's ability to pursue relief under § 2241 depends on establishing that he was unable, in his prior § 2255 proceedings, to advance the arguments he now raises to challenge his sentence. As a preliminary matter, *Mathis* is a statutory-interpretation case, and the government does not dispute that *Mathis* applies retroactively to cases on collateral review. *See*

*Guenther*, 997 F.3d at 742; *Chazen*, 938 F.3d at 861–62. But the government argues that Gamboa's three predicate convictions do not legitimately depend on *Mathis*; that his arguments would have been available to him in a timely § 2255 motion; and that Gamboa cannot show that any error regarding his three predicate drug convictions has caused a miscarriage of justice.

Addressing the government's second argument resolves this appeal. The second requirement of our test to determine whether a petitioner is entitled to relief under the saving clause has two parts: retroactivity and prior unavailability of the challenge. *See Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). Our analysis here is focused on prior unavailability of the challenge.

"[W]e have repeatedly stressed that a petitioner seeking to invoke the saving[] clause must establish that he was unable to raise his statutory claim at the time of his original § 2255 petition … ." *Chazen*, 938 F.3d at 861. "But if it 'would have been futile' for [petitioner] to raise [his] arguments in his § 2255 motion because the 'law was squarely against him,' then the saving[] clause applies and [petitioner] may proceed and pursue resentencing under § 2241." *Beason*, 926 F.3d at 936 (quoting *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015)). We focus on whether the law in the circuit of conviction would have been against the habeas petitioner. *See Prevatte v. Merlak*, 865 F.3d 894, 897 (7th Cir. 2017).

The district court found that Gamboa's arguments as to whether his prior state convictions are broader than the definition of a "felony drug offense" were available to him pre-*Mathis*. We agree with the district court. Gamboa is therefore

unable to pursue relief under the saving clause gateway to § 2241.

A dive into Gamboa's arguments demonstrates why. Gamboa argues that applying *Mathis* shows his prior state drug convictions do not constitute felony drug offenses for the purposes of the sentencing enhancement under § 841(b)(1)(A). Before *Mathis* was decided, there was a circuit split over the "elements" versus "means" distinction in the context of predicate offenses under the Armed Career Criminal Act. The Eighth Circuit, the circuit in which Gamboa was convicted, explicitly rejected any distinction between means and elements, instead holding that courts must apply the modified categorical approach whether a statute listed alternative elements or alternative means. *See United States v. Mathis*, 786 F.3d 1068, 1074–75 (8th Cir. 2015), *rev'd*, 579 U.S. 500 (2016).

In determining whether Iowa's burglary qualified as a violent felony predicate under the Armed Career Criminal Act, the Court in *Mathis* focused on whether the district court erred in using Mathis's conviction records to determine which type of burglary he committed, and whether the different locations in the Iowa burglary statute amounted to alternative means or alternative elements. *Mathis*, 136 S. Ct. at 2250–51. The Supreme Court held that the modified categorical approach is unavailable when a statute lists multiple means to satisfy just one element—thus resolving the split by rejecting the Eighth Circuit's prior approach. *Id.* at 2253. The distinction between elements and means is important, the Court explained, because if a state statute lists alternative means, instead of alternate elements, the statute is not divisible. *Id.* at 2257. That is, a court may not rely on the modified categorical

approach to determine which of the alternatives formed the basis of a defendant's conviction. *Id.*

Based on the clarification *Mathis* provided about the distinction between elements versus means, Gamboa argues that it was not until the Supreme Court reversed the Eighth Circuit in *Mathis* that he had an opportunity to bring the claim he currently advances, given that his prior convictions are "the same type" as those at issue in *Mathis*. Again, the claim he currently advances is that his prior state convictions do not qualify as "felony drug offenses" because the Minnesota and North Dakota statutes are overbroad and not divisible.

Because Gamboa seeks to invoke the saving clause, it is not necessary to examine the merits of his claim, because it is not relevant whether his claims have any merit if he was able "to raise his statutory claim at the time of his original § 2255 petition." *Chazen*, 938 F.3d at 861. The government contends that Gamboa's arguments rest on straightforward comparisons between state and federal definitions of "cocaine" and "marijuana," respectively, and that Gamboa's argument regarding his conspiracy conviction rests on a straightforward comparison between Minnesota controlled substances and federal controlled substances.

But Gamboa insists that he was foreclosed from bringing his claims pre-*Mathis* because of Eighth Circuit precedent—pointing to *United States v. Payton*, 918 F.2d 54 (8th Cir. 1990), and *United States v. Cornelius*, 931 F.2d 490 (8th Cir. 1991). In *Payton*, the Eighth Circuit reviewed the same Iowa burglary statute that was later found indivisible and not subject to the modified categorical approach by the Supreme Court in *Mathis*. 918 F.2d at 55. The Eighth Circuit at that time looked to the charging paper and determined that the defendant was

charged and convicted with burglary of a building. *Id.* at 56. In *Cornelius*, the Eighth Circuit held that the district court erred when it believed that *Taylor* prevented it from looking beyond the defendant's guilty plea to determine whether the elements of the offense for which he was convicted constituted generic burglary. 931 F.2d at 494.

Both *Payton* and *Cornelius* dealt with whether the respective district courts could look to charging papers to determine whether they contained the elements of generic burglary required by *Taylor*. But those cases are not pertinent to what Gamboa is *really* arguing here. He is arguing that the Minnesota and North Dakota statutes are categorically broader than the relevant federal statutes.

Indeed, he relies on our decision in *De La Torre*, to argue the three state statutes are categorically broader than the federal definitions because the states' drug schedules criminalize substances that the federal schedules do not. 940 F.3d at 949. He then relies on precedent from our circuit, like *Elder*, to argue that the three state statutes are not divisible. 900 F.3d at 497, 501–03 (applying the *Taylor* categorical approach but declining to apply the modified categorical approach in finding that the Arizona statute at issue criminalizes a broader category of drugs than § 802(44) incorporates and is not divisible). These arguments do not rely on *Mathis*; they rely on *Taylor* and *Descamps*. Moreover, this same standard analysis is still being used in the Eighth Circuit post-*Mathis*, without relying on *Mathis*. *Cf. United States v. Oliver*, 987 F.3d 794, 807 (8th Cir. 2021).

We therefore cannot see how *Payton* and *Cornelius* prevented Gamboa from making an argument in the Eighth Circuit that an alternatively phrased statute could be indivisible

under the categorical approach at the time of his initial § 2255 motion. And the additional cases Gamboa relies on are distinguishable.

Simply, Gamboa cannot seek relief under the saving clause gateway to § 2241 because, whether under the *Taylor* categorical approach or a comparison of the straightforward federal definition to the state statute of conviction, the law was not squarely against Gamboa and it would not have been futile for him to raise his arguments in his initial § 2255 motion. *Cf. United States v. Boleyn*, 929 F.3d 932, 936 (8th Cir. 2019) (citing *Taylor*, 495 U.S. at 600–02) ("In determining whether a prior § 124.401 conviction [under Iowa law] qualifies as a predicate offense for purposes of these federal sentencing enhancements, we apply a categorical approach that looks to the statutory definition of the prior offense, not to the facts underlying a defendant's prior convictions."); *United States v. Brown*, 598 F.3d 1013, 1015–18 (8th Cir. 2010) (comparing Iowa statute for delivery of simulated methamphetamine with federal statutes and concluding that defendant's convictions under the Iowa statute did not qualify as "felony drug offenses" within the meaning of 21 U.S.C. § 802(44)); *see also id.* at 1019–21 (Shepherd, J., dissenting) (citing the *Taylor* categorical approach to argue that defendant's Iowa conviction categorically qualified as a "felony drug offense"); *United States v. Modisett*, 731 F. App'x 548, 550–51 (8th Cir. 2018) (per curiam) (nonprecedential) (finding, post-*Mathis*, that defendant's Minnesota fifth-degree controlled substance crime qualified as a prior felony drug offense, without relying on *Mathis*).

### III. CONCLUSION

For the reasons above, the district court's denial of Gamboa's petition for writ of habeas corpus is AFFIRMED.