NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2022[*]
Decided November 18, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 22-1048

| | |
|---|---|
| SHANE D. JOHNSON, *Petitioner-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 19-cv-673-wmc |
| RANDY KEYES, *Respondent-Appellee*. | William M. Conley, *Judge*. |

**O R D E R**

Shane Johnson appeals from the district court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2241 and the saving clause of § 2255(e). He argues that at his federal sentencing, a prior Michigan cocaine conviction was wrongly deemed a predicate "serious drug offense," which triggered an enhancement under the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We affirm because Johnson has not satisfied our circuit's saving-clause test.

Most challenges to a federal conviction or sentence must be brought on direct appeal or in a motion to vacate. See 28 U.S.C. § 2255(e). But under § 2255(h), only one motion to vacate may be adjudicated in the sentencing court, with exceptions for when new evidence proves factual innocence or the prisoner relies on a new constitutional rule that the Supreme Court has made retroactive. The language of that statute precludes new rules of *statutory* interpretation from providing the basis for a successive § 2255 motion. See *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022).

Yet we have held that when a successive motion is barred by § 2255(h), the saving clause of § 2255(e) permits some federal prisoners to seek habeas corpus review in the district where they are confined, on the ground that § 2255 has proven "inadequate or ineffective." Our saving-clause test requires several showings: the claim rests on a new decision interpreting a statute; the claim could not reasonably have been raised in earlier proceedings because, for instance, circuit precedent foreclosed it; the new interpretation applies retroactively on collateral review; and the error amounts to a miscarriage of justice. See *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). This test may soon change, because on November 1, 2022, the Supreme Court heard oral argument in *Jones v. Hendrix*, No. 21-857 (U.S.), to evaluate the scope of saving-clause review. But because neither party here asks us to hold Johnson's case for *Jones*, we proceed under our current test.

Back in 2011, a federal jury in the Western District of Michigan convicted Johnson of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). Because of prior convictions, Johnson was sentenced as an armed career criminal, *id.* § 924(e), a status that carried a 15-year minimum sentence (as opposed to the then-10-year maximum for an unenhanced § 922(g) count). The court also ruled that Johnson was an armed career criminal under the advisory Sentencing Guidelines, U.S.S.G. § 4B1.4, and imposed 292 months' imprisonment.

On direct appeal, the Sixth Circuit affirmed. See *United States v. Johnson*, No. 11-2598 (6th Cir. Aug. 21, 2013) (unpublished). Later, Johnson failed to obtain relief under § 2255. See *Johnson v. United States*, No. 15-2554, 2016 WL 10674029 (6th Cir. Aug. 29, 2016) (denying certificate of appealability).

Then, in 2019, while at FCI Oxford in Wisconsin, Johnson filed a saving-clause petition raising two arguments. First, he claimed innocence under *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), which holds that a § 922(g) conviction requires proof that the defendant knew he was a member of the relevant class (here, individuals convicted of a crime punishable by imprisonment for a term exceeding one year) at the time he possessed the gun. Second, Johnson challenged his ACCA designation.

The Wisconsin-based district court dismissed the petition as meritless. It rejected the *Rehaif* claim because Johnson's prior felonies (including other gun offenses, a drug crime, and assaults) ruled out any reasonable probability that he did not know he was a felon when he possessed the gun. The district court also saw in the motion a challenge to Johnson's advisory guidelines range, which the court recognized was not cognizable. See *Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019); *Hawkins v. United States*, 706 F.3d 820, 824 (7th Cir.), *supplemented on denial of reh'g*, 724 F.3d 915 (2013).

What the district court did not discuss was Johnson's main sentencing argument: that his *statutory* enhancement under the ACCA was unlawful. Johnson's appeal focuses on this overlooked ACCA challenge. We say no more about the *Rehaif* theory or the advisory Guidelines because Johnson's appellate briefs omit those issues.

As for the ACCA challenge, it fails under our saving-clause test and affords no basis for remand, regardless of the gap in the district court's discussion. Recall that our saving-clause test requires Johnson to point to a relevant change in the interpretation of a statute. See *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). To be sure, he cites *Mathis v. United States*, 579 U.S. 500 (2016), a Supreme Court decision applying the burglary clause of the ACCA. But his actual argument does not depend on any change that *Mathis* made to the law.

Johnson says that at his federal sentencing, he falsely admitted to having a prior conviction for *delivering* cocaine, MICH. COMP. LAWS § 333.7401(1), (2)(a)(iv) (2003), whereas his real conviction was for simple possession. (The state charging instrument and plea colloquy refer mainly to delivery, contrary to Johnson's position—although the colloquy does include a single reference by the prosecutor to simple possession.) And simple possession likely is not a predicate "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii), the ACCA provision on crimes "involving manufacturing, distributing, or possessing with intent to manufacture or distribute" an illegal drug.

Yet if the flaw in Johnson's federal enhancement is that he admitted to the wrong prior conviction, then his claim is about the facts and does not depend on any change in the interpretation of a statute. It therefore does not meet our saving-clause test.

Still, Johnson contends that his petition somehow rests on *Mathis*'s discussion of "divisibility." *Mathis* and similar precedents sort the parts of criminal statutes into two categories. Divisible provisions create distinct offenses with distinct elements, such that jurors at a trial would need to agree on the mode of commission; indivisible provisions define a single offense that can be committed in multiple ways, such that jurors need not agree on the means of commission. *Mathis*, 579 U.S. at 504–05. For instance, in *Mathis* the Court held that Iowa's burglary statute is indivisible with respect to the sort of space a suspect has broken into; jurors need not agree on whether it was a building or a vehicle. *Id.* at 507. And because burglary of a vehicle does not satisfy the burglary clause of the ACCA (i.e., vehicular burglary covers conduct that federal generic burglary does not), the indivisibility of the Iowa burglary statute means it is not an ACCA predicate, even if in real life no vehicle was involved. *Id.* at 509–14.

In theory, *Mathis*'s logic can shed light on the divisibility of a state drug law. If one activity (say, simple possession) covered by an indivisible drug statute is a mismatch with the federal definition in 18 U.S.C. § 924(e)(2)(A)(ii), then no violation of the state statute will count as a valid ACCA predicate. But as Johnson concedes, even after *Mathis* the Michigan statute at issue remains divisible into distinct crimes based on the specific drug-related act. *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017). *Mathis* did not render the Michigan statute indivisible or otherwise change the proper interpretation of it, so it does not afford Johnson a path to saving-clause review.

True, Johnson's appellate brief observes that when federal sentencing courts face a divisible statute, *Mathis* reminds them to look at the state charging instrument and plea colloquy to see which variant underpins the prior conviction. *Mathis*, 579 U.S. at 505–06. From there, Johnson reasons that he may relitigate the meaning of his state records today and cure the alleged factual error committed at his federal sentencing. But the reminder he cites from *Mathis*—about the use of state records when a statute is divisible—was not a new legal principle. As *Mathis* explains, reviewing this limited set of state records was already the practice for federal courts dealing with divisible statutes. *Id.* What *Mathis* corrected was the Eighth Circuit's improper practice of applying this approach to *in*divisible statutes—which is not an issue here. Johnson's theory does not depend on a change in law and thus does not satisfy the saving clause.

Finally, for the first time in his reply brief, Johnson flags a district-court holding that a Michigan cocaine conviction is not a "controlled substance offense" under certain federal sentencing provisions because Michigan's definition of cocaine includes all stereoisomers while the federal definition is limited to optical and geometric isomers. See *United States v. Lofton*, No. 20-20221, 2021 WL 5494782, at *2 (E.D. Mich. Nov. 23, 2021). But Johnson never mentioned isomers in the district court or in his opening brief here, so any argument along those lines is waived. See *Segid v. USCIS*, 47 F.4th 545, 548 (7th Cir. 2022). In any event, we have held that similar decisions about drug isomers do not depend on the Supreme Court's holding in *Mathis*. See *Gamboa v. Daniels*, 26 F.4th 410, 418 (7th Cir. 2022). Instead, a claim along these lines involves a straightforward comparison between the state definition (here, Michigan's) and the federal definition of cocaine. We are aware of no Sixth Circuit precedent that would have foreclosed this type of argument at the time of Johnson's conviction, direct appeal, or first § 2255 motion. So, waiver aside, this contention, like the ones in Johnson's opening brief, does not open the door to saving-clause review.

AFFIRMED